(No. 45670.—

JOSEPH KROPEL, Appellee, v. JAMES B. CONLISK *et al.*, Appellants.

*Opinion filed January 30, 1975.*

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Daniel Pascale, Assistants Corporation Counsel, of counsel), for appellants.

Ligtenberg, DeJong & Poltrock, of Chicago (John Ligtenberg and Lawrence A. Poltrock, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The plaintiff, a member of the police force of the City of Chicago, was summarily suspended for 30 days, after being advised that an anonymous party had charged that he did not reside within the City of Chicago. The plaintiff denied the charge and requested a hearing, but none was held prior to suspension. Following the procedures established by section 10—1—18.1 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1), the order of suspension was issued without notice or hearing before the police board, or any other body. The plaintiff then filed suit in the circuit court of Cook County to enjoin his suspension. A temporary injunction was issued on November 30, 1972, and a decree for permanent injunction on January 22, 1973.

This case was heard on complaint and motion to

dismiss. Hence, all well-pleaded facts were admitted for the purpose of ruling on the motion. The sworn complaint alleged that the City of Chicago is a municipal corporation established under the laws of the State of Illinois; that Kropel was a resident of the City of Chicago; that he is and has been employed as a police officer of the City for over 7 years; that he made a written request for a hearing, which was not granted; that his salary is $1162 per month and a 30-day suspension would cause a loss of salary to him in that amount; and that the section of the Code, ordinance and regulation under which the City purports to act violates the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution and sections 1, 2, 5, 6, 12, 18, 21 and 24 of article I of the Illinois Constitution.

The circuit court held that the section of the Code authorizing summary suspension for up to 30 days without hearing violated the constitutions of the United States and the State of Illinois, and the court upheld the validity of the residency requirement of chapter 25 of the Chicago Municipal Code and Police Rule 24, which provided that officers on the City of Chicago Police Department must live within the city limits of the City of Chicago.

The case comes directly to this court pursuant to Supreme Court Rule 302(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(a)(1)) inasmuch as a statute of the State of Illinois was declared unconstitutional in the circuit court.

The statute in question is section 10—1—18.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1). Pertinent parts of such paragraph read:

> "In any municipality of more than 500,000 population, no officer or employee of the police department in the classified civil service of the municipality whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board. ***
>
> * * *

> Nothing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days."

The application of section 10—1—18.1 is limited to municipalities with a population of more than 500,000, and to those situations where a policeman may be discharged or suspended. Section 10—1—18.1, as set forth above, mandates a police-board hearing with full rights where discharge or more than 30 days suspension is recommended. The police board consists of five persons appointed by the mayor with the consent of the city council.

This section should be construed in light of the analogous provisions of the Municipal Code and the State Personnel Code. An inspection of those sections indicates that it is generally considered appropriate for such a statute to allow for a 30-day period during which an employee may be suspended without being entitled to a full hearing. However, it is also common to provide for some manner of review of such a suspension if it is imposed for more than 5 days.

Section 10—1—18 of the Municipal Code applies to city officers and employees generally, with the exception of police officers in cities of more than 500,000 population. It provides, in pertinent part:

> "Except as hereinafter provided in this section, no officer or employee in the classified civil service of any municipality who is appointed under the rules and after examination, may be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense. *** Before any officer or employee in the classified service of any municipality may be interrogated or examined by or before any disciplinary board, or departmental agent or investigator, the results of which hearing, interrogation or examination may be the basis for filing charges seeking his removal or discharge, he must be advised in writing as to what specific improper or illegal act he is alleged to have

committed; he must be advised in writing that his admissions made in the course of the hearing, interrogation or examination may be used as the basis for charges seeking his removal or discharge; and he must be advised in writing that he has the right to counsel of his own choosing present to advise him at any hearing, interrogation or examination; and a complete record of any hearing, interrogation or examination shall be made and a complete transcript thereof made available to such officer or employee without charge and without delay. Nothing in this Division 1 limits the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days *except that any employee or officer suspended for more than 5 days or suspended within 6 months after a previous suspension shall be entitled, upon request, to a hearing before the civil service commission* concerning the propriety of such suspension." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 24, par. 10—1—18.

This section recognizes two areas of possible abuse in the area of summary suspension. First, it recognizes that such suspensions do have a substantial economic impact on the employee, so a review procedure is available if the suspension is for more than 5 days. Second, it recognizes that there must be some limitation on the authority to summarily suspend, for absent such a limitation, such suspensions could be levied consecutively and result in a *de facto* discharge of the employee.

This section provides that, if an employee is suspended for not exceeding 30 days, the suspension may not be extended except after a hearing before the civil service commission, or its designee, if so requested by the employee. The section does not say when a hearing must be held if the employee has been suspended for more than 5 days, or for the second time or more within 6 months, but it is implicit in the language of the statute that if the employee is vindicated at the hearing, the commission shall enter such orders as to insure the employee does not suffer monetarily from the suspension or professionally by the unrefuted allegations against him on his work record.

The Municipal Code was originally adopted in 1961. Originally section 10—1—18 did not distinguish its applicability as to different-sized municipalities. That original section provided, in pertinent part:

"*** Nothing in this Division 1 shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days except that any employee or officer suspended for more than 7 days or suspended within 6 months after a previous suspension, shall be entitled, upon request, to a hearing before the civil service commission concerning the propriety of such suspension." Ill. Rev. Stat. 1961, ch. 24, par. 10—1—18.

The Code as originally passed also provided for special procedures for the removal or discharge of police officers in municipalities with between 5,000 and 250,000 inhabitants, and those with less than 5,000 if they so chose. That section (Ill. Rev. Stat. 1961, ch. 24, par. 10—2—17) at that time had no language concerning suspension procedures, except with reference to suspension after a hearing for removal from office.

In 1967 the legislature amended section 10—1—18 by adding the following language thereto:

"This Section does not apply to the suspension, removal or discharge of officers and civilian employees of the police department in the classified civil service of a municipality of more than 500,000 but that disciplinary action may be taken by the Police Board, rather than the civil service commission, as provided in Section 10—1—18.1." Ill. Rev. Stat. 1967, ch. 24, par. 10—1—18.

The portion of the section dealing with suspensions was also amended to provide for a hearing for one suspended more than 5 days instead of the previous 7-day provision.

Section 10—2.1—17 of the Municipal Code applies to municipalities with a population of 5,000 to 250,000 which are not subject to division 1 of article 10 of the Code, and to those municipalities with a population of less than 5,000 which adopt division 2.1. Section 10—2.1—17 provides, in pertinent part:

"Nothing in this section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 days, but he shall notify the board in writing of such suspension. Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than thirty days or discharge him, depending upon the facts presented." Ill. Rev. Stat. 1973, ch. 24, par. 10–2.1–17.

This section also sets a low figure for the number of possible days of unreviewed suspension, and provides a means of further discipline. This section does not contain an explicit protection against consecutive suspensions, but such protection is implicit in the maximum 5-day summary-suspension period.

Those State employees who come under the provisions of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b101 *et seq.*) are under similar provisions. The provisions of Jurisdiction B of the Code apply to those persons employed on a basis of merit and fitness, and different procedures for different classifications of employees exist. The following sections set forth the basis of employee protection, requiring the departmental rules to provide:

"Sec. 8b.6. For a period of probation not to exceed one year before appointment or promotion is complete, and during which period a probationer may with the consent of the Director of Personnel, be discharged or reduced in class or rank, or replaced on the eligible list." Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.6.

"Sec. 8b.15. For the imposition as a disciplinary measure of suspension from State service without pay for not longer than 30 days. Notice of such disciplinary action shall be given in writing immediately to the

Director of Personnel who may review any such action." Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.15.

"Sec. 8b.16. For hearing before discharge or demotion with the prior approval of the Director of Personnel only for cause after appointment is completed, after the person to be discharged or demoted has been presented in writing with the reasons requesting such discharge or demotion. The statement of reasons shall be filed immediately with the Department of Personnel." Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.16.

The applicable rules adopted by the Department of Personnel are as follows:

"2—640 SUSPENSION TOTALING NOT MORE THAN THIRTY DAYS IN ANY TWELVE MONTH PERIOD: Disciplinary suspension without pay totaling not more than thirty days in any 12 month period may be imposed upon an employee by an operating agency. Written notice of such disciplinary act must be served upon the employee in person or by registered mail. Notice of such disciplinary act must also be filed immediately with the Director, who shall have power to review such action."

"2—650 EMPLOYEE RIGHTS AND OBLIGATIONS: Upon receipt of a copy of the written notice of such disciplinary suspension totaling not more than 30 days in any 12-month period, the employee shall leave the premises which shall include any housing accommodations furnished said employee by the State as well as any place or places where the employee is required to work.

Employees seeking redress from such disciplinary act must do so in accordance with the grievance procedure."

Rule 3—25 provides that the employee must begin the grievance procedure within 5 scheduled work days after learning of the circumstances or conditions which prompted the grievance. Procedures are provided for review within the grievance procedure.

As an additional reason for our conclusion herein, we cite section 13 of "An Act in relation to State Police" (Ill. Rev. Stat. 1973, ch. 121, par. 307.13), which provides:

"Sec. 13. Disciplinary measures prescribed by the Board may be taken by the Superintendent for the

punishment of infractions of the rules and regulations of the division as promulgated by the Department. Such disciplinary measures may include suspension of any State policeman for a reasonable period, not exceeding 30 days.

Any State policeman so suspended, within 24 hours after suspension, may petition the Board in writing to review the suspension, and upon the filing of such petition with the Board, the Board shall within a reasonable amount of time, but no later than 30 days after the date of request for review set the written petition for hearing before the Board upon not less than 10 days' notice at a place to be designated by the chairman thereof. The Board may sustain the action of the Superintendent, may reverse it with instructions that the State policeman receive his pay for the period involved, or may suspend the officer for an additional period not exceeding a total suspension of 180 days or discharge him, depending upon the facts presented in such hearing. In all other respects, the hearing shall be conducted in the manner provided for in Section 14 hereof."

It is apparent that if section 10—1—18.1 of the Municipal Code is construed literally, it is a statute which does not, on its face, insure due process of law to those under its jurisdiction. Yet, it is clear from the statutes and rules above set forth that the public policy of this State, regardless of any constitutional considerations, is that a disciplinary suspension of more than 1 week of scheduled working days cannot be levied without providing some means of review of the suspension. Therefore, all of the above statutes and rules should be considered *in pari materia.*

It is clear from all of the above statutes that the provision, "Nothing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days," does not necessarily preclude the police board from establishing a procedure for reviewing the propriety of any such suspension. Indeed, immediately preceding the quoted provision, the statute provides: "A majority of the members of the Police

Board must concur in the entry of any disciplinary recommendation of action." (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1.) Inasmuch as a suspension for any amount of time can only be considered a disciplinary action, it would seem to follow that some procedure must be available for taking the suspension imposed by the superintendent to the board for its approval. This is true even though the last paragraph of the statute purports to provide that there can be no limit of the superintendent's power to suspend, for there are limits inherent in the fourteenth amendment to the United States Constitution and in section 2 of article I of the Illinois Constitution of 1970.

If, then, it is clear that there are outer limits to the superintendent's power of suspension, and that the public policy of this State has generally provided for some form of review of suspensions, if section 10—1—18.1 of the Municipal Code is to survive constitutional attack on due process and equal protection grounds, we must construe it to provide for some manner of review of suspensions for less than 30 days.

Section 10—1—18.1 provides in part that "The Police Board shall establish rules of procedure not inconsistent with this Section respecting notice of charges and the conduct of the hearings before the Police Board, or before any member thereof appointed by the Police Board to hear the charges." We consider this language to authorize the police board to formulate procedures for the review of disciplinary suspensions for less than 30 days ordered by the superintendent, a majority of the members of the board being necessary to uphold the suspension.

It is clear from all of the statutes and rules set forth above that a major difference between a suspension for less than 30 days and a suspension for more than 30 days is that the latter requires a hearing before the sentence can be imposed. In effect, the department has the duty to go into a hearing and prove its case for suspension of more

than 30 days. In the former instance, the burden is on the employee to seek review and establish why the suspension is unwarranted. Therefore, we hold that the plaintiff is entitled to an opportunity to review his suspension, and that, in order to uphold the suspension, it must be approved by a majority of the police board. If the board does not approve the suspension, it shall enter appropriate orders to place the plaintiff in the same position as had the suspension not been levied in the first instance.

The judgment of the circuit court is therefore reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded,*
*with directions.*