772 F.2d 394
 Lester HERSHINOW, Plaintiff-Appellant,
v.
M.F. BONAMARTE, Jr., Chief of Police of the City of Highland
Park, Illinois, and Larry Rice, City Manager of
the City of Highland Park, Illinois,
Defendants-Appellees.
 No. 84-2918.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 31, 1985.
Decided Sept. 13, 1985.
 
 Stanley H. Jakala, Berwyn, Ill., for plaintiff-appellant.
 Jack M. Siegel, Jack M. Siegel & Assoc., Chicago, Ill., for defendants-appellees.
 Before, CUMMINGS, Chief Judge, EASTERBROOK, Circuit Judge, and PELL, Senior Circuit Judge.
 CUMMINGS, Chief Judge.
 
 
 1
 Plaintiff Lester Hershinow, a police officer, filed a civil rights action under 42 U.S.C. Sec. 1983 against the police chief and city manager of Highland Park, Illinois. The complaint arose out of plaintiff's suspension for three days due to an altercation he had with a driver, Debbie Oggoian, he had stopped for speeding. Ms. Oggoian had made threatening and abusive anti-Semitic remarks to Hershinow, who is Jewish. The trial court dismissed the complaint for failure to state a claim, a decision that a panel of this Court affirmed in an opinion reported at 735 F.2d 264 (1984). In so affirming, we agreed that plaintiff's suspension did not constitute deprivation of liberty within the compass of the Fourteenth Amendment, or an infringement on plaintiff's right of free exercise of his religion. He had presented his denial of equal protection claim in so perfunctory a manner that we did not consider it.
 
 
 2
 Although the district court awarded attorney's fees against plaintiff pursuant to 42 U.S.C. Sec. 1988, the timing of the latter decision prevented our being able to consider together plaintiff's appeals from the merits and the fees award. Consequently we dismissed the latter appeal without prejudice to refiling, while directing the district court to reconsider its decision to award attorney's fees. The district court, however, determined that an award of fees was appropriate, and it entered judgment against Hershinow in the amount of $2,700. Hershinow has timely appealed that judgment, and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291. For the reasons stated herein, we affirm.
 
 
 3
 The standard a defendant must meet in order to merit being awarded his attorney's fees under Section 1988 is a strict one. The Supreme Court extended the standard enunciated in Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) to civil rights cases in Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam ). The Court had stated in Christiansburg that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422, 98 S.Ct. at 701. While a defendant need not demonstrate subjective bad faith, id. at 421, 98 S.Ct. at 700, a meritless claim must be one that is "groundless or without foundation." Id. That the plaintiff has ultimately lost the case is not itself sufficient to justify an award of fees.
 
 
 4
 Thus, unlike the usually followed practice of awarding appropriate fees to prevailing plaintiffs, courts may grant attorney's fees to prevailing defendants only in very circumscribed situations. The concern motivating Congress and the courts is the chilling effect large fee awards would have on plaintiffs, especially with respect to laws like the civil rights laws that depend for their vindication on private plaintiffs' filing suit. Although Congress allowed fees to be awarded against plaintiffs in order "to protect defendants from burdensome litigation having no legal or factual basis," id. at 420, 98 S.Ct. at 700, courts must recognize both the substantial risks inhering in most litigation and the danger of post hoc rationalization in agreeing to award attorney's fees to defendants.
 
 
 5
 Nonetheless, in reviewing fee awards to defendants, it would be improper to reverse a trial court's decision absent an abuse of the discretion vested in the trial court. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1164 (7th Cir.1983); Harrington v. DeVito, 656 F.2d 264, 266 (7th Cir.1981), certiorari denied, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982); Harbulak v. County of Suffolk, 654 F.2d 194, 195 (2d Cir.1981). Cf. Christiansburg, 434 U.S. at 424, 98 S.Ct. at 701 (district court appropriately exercised its discretion). Regardless of how we would decide the question in the first instance, the substantial familiarity of the trial court with the proceedings requires deference to its exercise of its discretion.
 
 
 6
 The case at bar presents a close question. Still it cannot be said that the district court exceeded its discretion in awarding fees against Hershinow. Plaintiff would twist the recognition in our prior opinion that the three-day suspension is a black mark on his record, Hershinow v. Bonamarte, 735 F.2d at 266, into a determination that his complaint was not frivolous. This argument is misconceived, for the opinion made very clear that whatever harm Hershinow might have suffered did not rise to the level of a liberty interest protected by the Fourteenth Amendment. It must be remembered that Section 1983 and the Fourteenth Amendment are not to serve as a font of tort law. Paul v. Davis, 424 U.S. 693, 699-701, 96 S.Ct. 1155, 1159-1161, 47 L.Ed.2d 405 (1976). The injury to reputation that the Supreme Court rejected as implicating a liberty or property right in Paul v. Davis encompassed a claim that the plaintiff's future employment opportunities had been seriously impaired. Id. at 697, 96 S.Ct. at 1158-1159. Absent a current loss in employment, or at least the prospect of damage much greater than the potential impediment implicated in the case at bar, plaintiff has stated no claim cognizable under the Constitution.
 
 
 7
 Even if plaintiff had been able to state a recognizable liberty interest, he received adequate due process protection. After Ms. Oggoian filed her citizen's complaint against Hershinow, he was interviewed by the department to give his side of the dispute. After consideration of both parties' narratives of what had happened, the department decided to suspend Hershinow for three days. He protested this suspension to the chief of police, who refused to rescind the suspension. Thereafter, plaintiff filed a grievance with the personnel director of Highland Park, but this request to rescind the suspension was also denied. Finally, plaintiff appealed to the city manager, who scheduled a hearing on the matter. Plaintiff elected not to attend this meeting, stating in a letter to the city manager that the addressee had "all the facts needed to make a judgment on this issue" and that Hershinow did not believe that "there is much I could add at a meeting." He did inform the city manager that if Ms. Oggoian was at the meeting he wanted to be there too. Nonetheless, his letter makes clear that, as long as the city manager was not going to interview Ms. Oggoian, Hershinow did not feel that his presence was required to vindicate his rights. After the hearing, the city manager refused plaintiff's request to rescind the suspension. Consequently, plaintiff was able to appeal his suspension to three different levels of the city hierarchy. More was not required.
 
 
 8
 Plaintiff argues that the Illinois Appellate Court's decision in Wagner v. Kramer, 125 Ill.App.3d 12, 80 Ill.Dec. 435, 465 N.E.2d 547 (2d Dist.1984), establishes that he was entitled to a hearing before the Civil Service Commission of Highland Park, so that his complaint was not frivolous. Wagner, however, will not support this argument. Wagner reviewed the statute authorizing the police department to discipline its employees for less than thirty days, 1983 Ill.Rev.Stat. ch. 24, p 10-1-18-1, and the leading Illinois Supreme Court decision interpreting that statute, Kropel v. Conlisk, 60 Ill.2d 17, 322 N.E.2d 793 (1975).[1] Although the appellate court held that suspensions of five days or less must be reviewed, 125 Ill.App.3d at 21, 322 N.E.2d 793, it did not require review by the sheriff's merit commission. Id. at 20, 322 N.E.2d 793. While some review was required, the method afforded need not be the same as that afforded those who receive suspensions of longer than five days. Thus Hershinow cannot claim a deprivation of procedural due process.[2]
 
 
 9
 The extensive review Hershinow received, including a hearing he elected not to attend, precludes his now arguing that the district court in assessing attorney's fees against him underestimated the merit of his claim. The liberty interest infringed was not of the magnitude encompassed by the case law on the issue, and the plaintiff received substantial procedural protections. Consequently, his filing a lawsuit based on such claims was unwarranted.
 
 
 10
 Also unwarranted was Hershinow's supposed First Amendment claim. His complaint alleged that his being disciplined for his conduct toward a citizen who made derogatory, anti-Semitic remarks infringed his right of free exercise of religion. A policeman, however, must be able to act professionally regardless of remarks made to inflame him. Hershinow has not contended that his superiors used the complaint as a pretext to punish him for being Jewish. The fallacy in Hershinow's argument is that he was disciplined not for being Jewish or for adhering to Jewish beliefs, but for the way he handled Ms. Oggoian's abusive comments. Whether the comments concerned Hershinow's religion, or whether they referred to some other personal characteristic independent of his religion, was irrelevant to the decision to impose sanctions. Consequently, not only was the district court quite right to dismiss these allegations, but its assessment of attorney's fees against plaintiff cannot be seen as an abuse of discretion. Plaintiff--or at least his lawyers--must have realized that any limitation on his free exercise of religion came solely from a private citizen, against whom a Section 1983 claim, which requires acts under color of state law, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-1606, 26 L.Ed.2d 142 (1970), cannot be made.[3]
 
 
 11
 Plaintiff's assertion of constitutional torts was groundless, so that the district court's fee decision was permissible. The October 25, 1984, order awarding attorney's fees to defendants is affirmed.
 
 
 
 [1]
 Hershinow was suspended pursuant to 1983 Ill.Rev.Stat. ch. 24, p 10-1-18, not id. p 10-1-18.1, but the two statutes are virtually identical
 
 
 [2]
 Nor does Wagner lend credence to Hershinow's equal protection claim, because the decision explicitly authorizes municipalities to treat those who receive suspensions of five days or less differently from those suspended for longer periods of time. Equal protection concerns are not implicated because of the lesser significance of brief suspensions. What would be impermissible would be to treat Hershinow differently from others who are similarly situated, but this was not done. Hershinow was treated similarly to those in similar circumstances, and he also received quite extensive review of the disciplinary decision
 
 
 [3]
 We note that plaintiff was represented throughout by counsel, so that the special consideration that must be afforded pro se applicants is unwarranted. See Hughes v. Rowe, 449 U.S. at 15, 101 S.Ct. at 178-179