WESLEY McCOY, Plaintiff-Appellee, *v.* JOSEPH T. BROWN, Sheriff of Champaign County, *et al.*, Defendants-Appellants.

Fourth District    No. 16036

Opinion filed October 15, 1981.

Thomas J. Difanis, State's Attorney, of Champaign (Joseph D. Pavia, Assistant State's Attorney, of counsel), for appellants.

Edward Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant sheriff and the defendant county appeal from a judgment in the sum of $284 and costs entered upon the pleadings in favor of plaintiff.

The complaint alleged that plaintiff was a commissioned deputy sheriff and that on May 31, 1979, the sheriff suspended plaintiff without pay for 5 working days, and that on June 4, 1979, plaintiff's request for a hearing and review before the Sheriff's Department Merit Commission was denied.

Pursuant to statute, the Champaign County Board in 1965 established a Sheriff's Department Merit Commission. The rules adopted by the commission provided, in part, that the sheriff without filing charges before the commission may suspend a member of the department with or without pay for a period not to exceed 30 consecutive working days. Such suspension must be reported to the commission in writing.

The regulations adopted by the merit commission also provide

standards of conduct for members of the department, and that a violation will subject an employee to disciplinary action or dismissal.

The complaint alleged that the imposition of suspension and the denial of review by the merit commission deprived plaintiff of property without due process under the fourteenth amendment of the Constitution of the United States, and article I, section 2, of the 1970 Illinois Constitution. Plaintiff alleges that he was deprived of the wages for the 5 working days without due process.

The joint answer of defendants denied that any constitutional rights of plaintiff were abridged and as affirmative defenses pleaded that the constitutional provisions for due process do not require a hearing before the Sheriff's Department Merit Commission where the suspension is for a period of 5 days; that plaintiff was notified that within 72 hours he might appeal the suspension to the "Departmental Disciplinary Appeal Board" established by the sheriff, and further alleged alternatively, that prior to the suspension the sheriff conducted an investigation of the misconduct for which suspension was imposed, including an interview between the sheriff and the plaintiff in December 1978; two interviews between the sheriff, his chief deputy and plaintiff in March 1979; a polygraph examination of plaintiff in February 1979, and interviews and polygraph examinations of potential witnesses and suspects in the matter of the alleged misconduct. It is further alleged that in the interviews with plaintiff, the sheriff explained the misconduct charged and plaintiff was given an opportunity to respond and explain his version of the events. The answer and affirmative defenses were verified by the sheriff, and no denial of the allegations appears in the record.

Plaintiff filed a motion under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) to strike the affirmative defenses and for judgment on the pleadings, alleging that the facts pleaded as an affirmative defense did not constitute a legal defense to the action, and that there were no issues of fact to be heard.

The trial court found that the answer did not plead facts which provide "as a matter of law an affirmative defense to plaintiff's complaint," denied defendants' motion for summary judgment and entered judgment for the plaintiff.

It is unnecessary to review the numerous cases which examine property rights in uninterrupted employment in the context of constitutional due process, for we conclude that the issue here is controlled by the opinions in *Goss v. Lopez* (1975), 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729, and *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793.

In *Goss*, the court reviewed the disciplinary suspension for misconduct by high school students for periods of 10 days or less. The facts

stated in the opinion disclose that the several administrative suspensions were summary in nature and made without any opportunity for explanation by the student, and without any verification of the alleged reasons for suspension.

Finding that due process requirements applied to such suspensions, the court examined the form and the degree of due process required as to the facts at hand. The court stated:

> "We turn to that question, fully realizing as our cases regularly do that the interpretation and application of the Due Process Clause are intensely practical matters and that '[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.' [Citation.]" 419 U.S. 565, 577-78, 42 L. Ed. 2d 725, 737, 95 S. Ct. 729, 738.

It was said that students facing suspension and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing, and that the nature of the notice and of the hearing depended upon appropriate accommodations of the competing interests involved. Referring to the complex administrative problems presented upon the facts, the court determined that the student should be given notice of the charges against him and, if such are denied, an explanation of the evidence possessed by the disciplinarian, and further required that the one charged have an opportunity to present his version of the facts. The process is described as "rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school." In such context, the language of the opinion continued:

> "In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred. We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is." 419 U.S. 565, 582, 42 L. Ed. 2d 725, 739, 95 S. Ct. 729, 740.

The court further stated:

> "We stop short of construing the Due Process Clause to require, countrywide, that hearings in connection with short suspensions must afford the student the opportunity to secure counsel, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident. Brief disciplinary suspensions are almost countless. To impose in each such case even truncated trial-type procedures might well overwhelm administrative facilities in many places and * * * cost more than it would save in educational effectiveness. * * *.

On the other hand, requiring effective notice and informal

hearing permitting the student to give his version of the events will provide a meaningful hedge against erroneous action. At least the disciplinarian will be alerted to the existence of disputes about facts and arguments about cause and effect." 419 U.S. 565, 583-84, 42 L. Ed. 2d 725, 740, 95 S. Ct. 729, 740-41.

The court continued to state:

"We should also make it clear that we have addressed ourselves solely to the short suspension, not exceeding 10 days. Longer suspensions * * * may require more formal procedures." 419 U.S. 565, 584, 42 L. Ed. 2d 725, 740, 95 S. Ct. 729, 741.

In *Kropel*, a Chicago police officer was summarily suspended for a period of 30 days despite his denial of the charge made and a request for a hearing which remained unanswered.

The opinion of the supreme court noted that the Municipal Code provided that a police officer could not be discharged or suspended for more than 30 days except upon written charges and the opportunity to be heard before the police board on the issue of cause. The Code further provided that such provision did not limit the power of the superintendent of police to suspend a subordinate for a period not to exceed 30 days. In this case, the regulations of the merit commission are stated in the same terms.

The supreme court found that presently and historically the Municipal Code provided that employees suspended for more than 5 days shall be entitled to a hearing upon request. After further analysis comparing the Municipal Code with the Personnel Code, the court concluded:

"[I]t is clear from the statutes and rules above set forth that the public policy of this State, regardless of any constitutional considerations, is that a disciplinary suspension of more than 1 week of scheduled working days cannot be levied without providing some means of review of the suspension." 60 Ill. 2d 17, 25, 322 N.E.2d 793, 797.

We find that within the analysis made in *Goss*, the suspension at issue was neither summary nor arbitrary. It has not been denied that over a period from late December to the succeeding June, there were interviews between plaintiff and the sheriff and other ranking administrative officers of the department. Upon the present record, it is clear that the 5-day suspension lies within the boundaries of constitutional due process as prescribed in *Goss v. Lopez* and *Kropel v. Conlisk*. For such reasons the trial court erred in ruling that the defendants' pleadings did not allege facts which would provide, as a matter of law, an affirmative defense and we reverse the judgment entered.

By reason of the trial court's ruling on the motions to strike defendants' affirmative defenses, and for judgment on the pleadings, the verified

answer including the affirmative defenses of the defendants remains neither admitted nor denied, and the cause must be remanded for further proceedings not inconsistent with the ruling herein.

Reversed and remanded.

GREEN and WEBBER, JJ., concur.