(No. 60687.—

DAVID E. WAGNER, JR., Appellee, v. GEORGE KRAMER, Sheriff, *et al.*, Appellants.

*Opinion filed October 18, 1985.*

Robert J. Morrow, State's Attorney, of Geneva (William F. Barrett and David R. Akemann, Assistant State's Attorneys), for appellants.

Stanley H. Jakala and Daniel P. Jakala, of Berwyn, for appellee.

JUSTICE WARD delivered the opinion of the court:

On December 13, 1982, David Wagner, a deputy sheriff of the Kane County sheriff's department, filed a complaint for administrative review in the circuit court of Kane County against the sheriff of Kane County, George Kramer, and three members of the Kane County sheriff's merit commission. The complaint asked that the court review the decision of the sheriff's merit commission which denied the plaintiff a review of his five-day disciplinary suspension. The suspension was ordered by Sheriff Kramer, on the ground that the plaintiff refused to obey a direct order. The circuit court granted the defendants' motion to dismiss the complaint, holding that it had no authority to review the sheriff's order of suspension. The appellate court reversed and remanded to the circuit court, holding that the plaintiff had a right of review of the suspension. (125 Ill. App. 3d 12.) We

granted the defendants' petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315).

On May 4, 1982, a writ for detention and quarantine was delivered to the Kane County sheriff's department from the State's Attorney's office, requesting transportation of a woman with tuberculosis from her Aurora home to a nearby hospital. On May 6, the sheriff's office received a call that the patient was ready to be taken to the hospital. The plaintiff's superior officer, Lieutenant John Grimes, directed the plaintiff to act as a "back-up" in his vehicle and to follow another sheriff's vehicle that would transport the patient. The plaintiff was informed that he would not have to leave his vehicle unless some difficulties arose. The plaintiff refused to carry out the order, claiming that it was too dangerous because of the possibility that he might contract the disease. Lieutenant Grimes told the plaintiff that he was relieved of duty for the day.

The next day, May 7, 1982, a disciplinary hearing was held by the sheriff's board of inquiry. At it the plaintiff stated that he had not been trained to transport individuals with communicable diseases and that he could not place himself or his family into what was a dangerous situation. He also said that the duty was not required under his job description and that it was not an "ordinary police duty."

Lieutenant Grimes testified that the department had on earlier occasions been ordered to transport individuals with tuberculosis and that a nurse assigned to the tuberculosis clinic had informed him that the disease was not as contagious as some persons believed. He testified that on the occasion when the patient arrived at the hospital, no extraordinary precautions were taken by hospital personnel to shield themselves or the deputies to avoid contagion, even though they were expecting the patient's admission.

Undersheriff Peter Perez testified that he was notified by Lieutenant Grimes of the plaintiff's refusal. He stated that he could understand the plaintiff's reasons for refusal, but that when given a direct order, the plaintiff was obliged to comply with the order. Following the hearing, the plaintiff was suspended by the sheriff for 5 days for violating Department Regulation 6—3, sections 7—2 and 7—35, which concerned a failure or refusal to obey a lawful order given by a superior.

The plaintiff filed with the sheriff's merit commission of Kane County a written request for a hearing to review his suspension. In a letter to the plaintiff the commission denied the request, stating that, "under applicable law," the plaintiff had no right to a commission hearing to review a suspension for five working days or less.

The plaintiff then filed a complaint for administrative review in the circuit court of Kane County, requiring judicial review of the merit commission's denial of review of the sheriff's suspension order. On June 9, 1983, the circuit court granted the defendants' motion to dismiss the complaint.

The appellate court reversed, interpreting this court's decision in *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, to allow the plaintiff a review of his five-day suspension. (125 Ill. App. 3d 12, 18.) The defendants contend here that the appellate court erred in interpreting *Kropel* to allow review of the suspension and argue that due process does not require a review of disciplinary suspensions of five days or less.

We consider that the resolution of the question does not require a constitutional application but rather is reached under our statutes.

The Sheriff's Merit System Act provides for a sheriff's office merit commission, which is to consist of three or five members with the duty, *inter alia*, upon com-

plaint of the sheriff, to conduct disciplinary hearings for deputy sheriffs and to impose sanctions. (Ill. Rev. Stat. 1983, ch. 125, pars. 157, 164.) The Act provides also that the sheriff may directly take disciplinary action. The Act states:

"Sec. 13. Disciplinary measures. Disciplinary measures for actions violating *** the internal procedures of the sheriff's office may be taken by the sheriff. Such disciplinary measures may include suspension of any certified person for reasonable periods, not exceeding a cumulative 30 days in any 12-month period." (Ill. Rev. Stat. 1983, ch. 125, par. 163.)

The Act provides, too, that the sheriff may bring charges before the merit commission:

"Sec. 14. Removal, demotion or suspension. Except as is otherwise provided in this Act, no certified person shall be *** suspended except for cause, upon written charges filed with the Merit Commission by the sheriff. Upon the filing of such a petition, the sheriff may suspend the certified person pending the decision of the Commission on the charges. ***" (Ill. Rev. Stat. 1983, ch. 125, par. 164.)

The latter section, section 14, details the procedure for the hearing and provides that the commission shall make a finding of not guilty or guilty and impose proper punishment. The section explicitly provides for the judicial review of any commission order under the provisions of the Code of Civil Procedure which govern review of administrative decisions (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*).

As the appellate court observed, section 13 of the Act, under which the plaintiff was disciplined, does not specifically provide for review of suspensions imposed by the sheriff. Significantly, however, other statutes, which considered in combination provide a statutory scheme for discipline of public employees, do provide for a review procedure.

To illustrate, in municipalities with a population be-

tween 5,000 and 250,000, and in municipalities of less than 5,000 in population, section 10—2.1—17 of the Illinois Municipal Code contains provisions for the suspension of fire or police department members. It provides in part:

"Nothing in this section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 days, but he shall notify the board in writing of such suspension. Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension. ***" (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.)

Too, a statute applicable to employees in the classified civil service of any park district provides:

"Nothing in this Act shall limit the power of any officer to suspend a subordinate for a reasonable period not exceeding thirty days. Every such suspension shall be without pay: Provided, however, that the [Civil Service] board shall have authority to investigate every such suspension and, in case of its disapproval thereof, it shall have power to restore pay to the employee so suspended." (Ill. Rev. Stat. 1983, ch. 24½, par. 91.)

Too, State Police officers who are suspended for any period have a right to a review of an order of suspension. The pertinent statute provides:

"Disciplinary measures prescribed by the Board for Department of Law Enforcement officers may be taken by the Director, Superintendent or the Deputy Director of the Division to which the person is assigned, for the punishment of infractions of the rules and regulations of the respective divisions as promulgated by the Department. Such disciplinary measures may include suspension of any such officer for a reasonable period, not exceeding 30 days.

Any officer so suspended, within 10 days after suspension, may petition the Board in writing to *review* the

suspension, and upon the filing of such petition with the Board, the Board shall within a reasonable amount of time, \*\*\* set the written petition for hearing before the Board. \*\*\* (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 121, par. 307.13.)

Finally, State employees under jurisdiction B of the Personnel Code who hold appointments on the basis of merit and fitness are given protection from unwarranted disciplinary suspension under section 86.15 of the Personnel Code, which requires the Department of Central Management Services to provide "[f]or the imposition as a disciplinary measure of suspension from State service without pay for not longer than 30 days." (Ill. Rev. Stat. 1983, ch. 127, par. 63b108b.15.) It further requires that "[n]otice of such disciplinary action shall be given in writing immediately to the Director of Central Management Services who may *review* any such action." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 127, par. 63b108b.15.

In *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, a Chicago police officer was summarily suspended for 30 days and his request for a hearing before the police board was denied. The Illinois Municipal Code provided that a police officer could not be suspended for more than 30 days except on written charges and upon being given an opportunity to be heard before the police board on the issue of cause. The Code provided, too, that the superintendent of police had unrestricted authority to suspend subordinates for periods not exceeding 30 days.

This court, after consideration of these provisions of the Illinois Municipal Code, and after examining other statutes and rules concerning public employees' disciplinary proceedings and suspensions *in pari materia,* observed that "the public policy of this State has generally provided for some form of review of suspensions" and that "if [the statutory provision authorizing summary

suspension by the superintendent of police for a reasonable period not to exceed 30 days] is to survive constitutional attack on due process and equal protection grounds, we must construe it to provide for some manner of review of suspensions for less than 30 days." (*Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 26.) The court held that the police officer was entitled to review of his 30-day suspension. 60 Ill. 2d 17, 27.

From an examination of the statutes set out above and based on *Kropel* and its reasoning, the Sheriff's Merit System Act must be construed, under the public policy of this State, to provide some method of review of disciplinary suspensions imposed by the sheriff. We consider that the sheriff's merit commission is the proper body to review disciplinary suspensions under its established procedures set out in section 14 (Ill. Rev. Stat. 1983, ch. 125, par. 164), which section also provides an avenue of judicial review of orders of the commission to the circuit court under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*).

In *McCoy v. Brown* (1981), 100 Ill. App. 3d 988, which the defendants cite, it was held that a deputy sheriff suspended for five days was not entitled to a review. The decision is distinguishable from the case on appeal, as the plaintiff in *McCoy* had a right of review of his suspension. The right was apparently provided by a rule of the sheriff's department of Champaign County. On the record before us, there is no similar rule in the office of the sheriff of Kane County which establishes an avenue of review.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded to the sheriff's merit commission to consider, on review, the plaintiff's suspension.

*Affirmed and remanded.*