ROBERT D. KUTZ, Plaintiff-Appellant, v. MERIT COMMISSION, Office of the Secretary of State, *et al.*, Defendants-Appellees.

Fourth District   No. 4—87—0503

Opinion filed April 14, 1988.

Charles J. Gramlich and Daniel C. Lanterman, both of Gramlich Law Offices, P.C., of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellee Merit Commission of the Secretary of State.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

In a letter dated January 29, 1986, defendant William Rolando, Director of the Department of Personnel of the Office of the Secretary of State (Department), informed plaintiff Robert D. Kutz that he

was being suspended from his position with the Department for a period of 29 days from February 6, 1986, to March 7, 1986. Plaintiff filed an "Appeal of Suspension" before the defendant Merit Commission of the Secretary of State (Merit Commission) on March 24, 1986, and on March 25, 1986, he was informed by the Merit Commission his appeal did not meet its jurisdictional requirements. On May 13, 1986, the Merit Commission entered an order dismissing the appeal.

Plaintiff filed a complaint for administrative review in the circuit court of Sangamon County on June 9, 1986. On July 14, 1987, that court dismissed the complaint on the theory that, if the Merit Commission had no jurisdiction to hear the matter, the court had no jurisdiction to pass on the Merit Commission's order of dismissal. On appeal to this court, plaintiff maintains the circuit court should not have dismissed the complaint but should have heard the matter, determined the Merit Commission had jurisdiction to hear his "Appeal of Suspension" and remanded to the Merit Commission to do so. We agree the circuit court should have heard the administrative review complaint but hold that the circuit court should have affirmed the action of the Merit Commission in dismissing plaintiff's appeal. We will discuss the question of whether the complaint for administrative review should have been dismissed after determining whether the Merit Commission had jurisdiction of plaintiff's appeal to it.

■ The Department's Personnel Rules (rules) provide that an employee who receives a suspension totaling 30 days or more in any 12-month period may obtain a hearing before the Merit Commission (Ill. Rev. Stat. 1985, ch. 124, par. 108c(6)). A final determination of the Merit Commission is subject to administrative review in the circuit court (Ill. Rev. Stat. 1985, ch. 124, par. 109b). The thrust of plaintiff's argument on appeal recognizes that, because his suspension was for only 29 days, he does not come within the express terms of the foregoing rule and statute. Nevertheless, he maintains that, under the precedent of *Wagner v. Kramer* (1985), 108 Ill. 2d 413, 484 N.E.2d 1073, and *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793, due process requires that he be permitted to proceed before the Merit Commission. In those cases, the court held that persons receiving suspensions from work of 5 days and 30 days, respectively, were entitled to proceed before a civil service body statutorily stated to have jurisdiction only over suspensions in excess of 30 days, when those suspended had no other avenue of fair review of their suspensions. The court reasoned those bodies must be assumed to have jurisdiction of those lesser suspensions in order for the civil

service statutes involved to meet the requirements of due process.

Plaintiff also maintains he is entitled to have administrative review and have some kind of a hearing on his suspension even if he had sufficient avenues of review other than before the Merit Board, because the Department did not follow those procedures.

We conclude plaintiff did have a sufficient avenue to obtain review of his suspension through the grievance procedure set forth in the rules (80 Ill. Adm. Code 420.310 (1985)). Accordingly, we are not compelled to draw the inference that the rules permit him to proceed before the Merit Commission.

In *Kropel* a city police officer had been suspended for 30 days at a time when no review of the suspension, either within the police department, by other administrative agencies or by the courts, was expressly stated by statute to be available, while a statute expressly provided for contest of suspensions longer than 30 days in length before a reviewing board. In *Wagner*, a deputy sheriff was suspended for five days after a hearing in regard to his alleged misconduct before a board of inquiry set up by the sheriff for whom the deputy worked. At that time, legislation expressly provided that the sheriff could impose a suspension longer than 30 days without first proving grounds for the suspension before a statutorily created sheriff's merit board. The *Wagner* court deemed the review available to the officer suspended for five days inadequate while distinguishing the situation there from that in *McCoy v. Brown* (1981), 100 Ill. App. 3d 988, 427 N.E.2d 619, decided by this court. In *McCoy*, a deputy sheriff receiving a five-day suspension, too short to enable him to seek review before the statutorily prescribed sheriff's department merit commission, was held to have been afforded sufficient review because of a right to be heard before a departmental review board created by the sheriff.

Defendant maintains that unlike in *Kropel* and *Wagner*, and as in *McCoy*, a sufficient review procedure existed in regard to plaintiff's suspensions through the Department's Personnel Rules. Section 420.295(c) of those rules stated in regard to the suspension of an employee for less than 30 days:

> "Unless delay in the imposition of discipline will result in clear harm or damage to a department, the employee shall be informed in writing of the proposed suspension and the reasons therefore at least four (4) working days prior to the effective date of the proposed suspension and be provided with copies of pertinent documents on which the proposed suspension is based. The employee shall have two (2) working days after be-

ing informed of the proposed suspension within which to address to the department director or designee written rebuttal of the reasons given for the suspension. ***

*** Written notice of any suspension imposed with the reasons therefore must be served upon the employee by the Director of Personnel on or before the effective date of the suspension in person or by certified mail, return receipt requested, at the employee's last address appearing in the personnel file. Notice of such suspension imposed must also be filed immediately with the Director of Personnel." 80 Ill. Adm. Code 420.295(c) (1985).

The administrative rules provide a grievance procedure. (80 Ill. Adm. Code 420.310 (1985).) Section 420.310(a) of the rules grants "any employee" of the Secretary of State the right to "grieve as to the application of [the Code], this Part or any policy arising hereunder as to the impact of such applications upon the employee's employment condition or status." (80 Ill. Adm. Code 420.310(a) (1985).) Section 420.310 makes no express statement that a suspension for not more than 30 days is a matter that may be grieved thereunder, but such a suspension constitutes the application of a policy that impacts upon the employee's employment condition. Moreover, section 420.310(b) of the rules expressly states that a suspension for more than 30 days is not a matter subject to the grievance procedure. (80 Ill. Adm. Code 420.310(b) (1985).) Thus, the clear implication of the section is that a suspension of less than 30 days is grievable. We so hold.

Section 420.310 provides three steps or "level[s]" in the grievance process. Level one allows employees who believe they have been aggrieved, "within five (5) scheduled work days of knowledge thereof, [to] present their grievance orally to their immediate supervisor *** [who] shall attempt to adjust the problem." Immediate supervisors are required to make a response within five working days thereafter. 80 Ill. Adm. Code 420.310(d)(1) (1985).

Level two of the grievance procedure provides:

"If an employee does not accept the response of an appropriate supervisor at Level 1, the employee may reduce the grievance to writing and present it to the next higher supervisor. Such written grievance shall be submitted within five (5) working days of the employee's official notification of the supervisor's decision at Level 1 and it shall contain a specific statement as to the nature of the grievance and as to the reason for rejecting the resolution of the immediate supervisor." (80

Ill. Adm. Code 420.310(e)(1) (1985).)

The third level of the process provides:

"An aggrieved employee who does not accept the decision received at Level 2 may forward written request for a review to the Director of Personnel. Such request shall be filed within five (5) working days of the employee's receipt of the Level 2 decision and it shall be specific as to the reasons for rejection of that decision." (80 Ill. Adm. Code 420.310(f)(1) (1985).)

Subsection (f)(2) requires the Director of Personnel to review the matter on its face or hold a hearing. After conducting the review, the Director of Personnel is required to issue a decision to all interested parties in writing. The decision is then considered final and binding upon the parties. 80 Ill. Adm. Code 420.310(f)(2) (1985).

Although the procedure here began and ended by decision of the Director of Personnel, various supervisors also took part. A procedure whereby a final decision in regard to short suspensions was made by the Director of Central Management Services under section 8b.15 of the Personnel Code (Ill. Rev. Stat. 1983, ch. 127, par. 63b108b.15) was cited in *Wagner* (108 Ill. 2d at 419, 484 N.E.2d at 1075) as providing the required type of review of short suspensions of governmental employees. In *Kropel*, no review of any kind was expressly provided by statute for short suspensions. In *Wagner*, the imposition of the suspensions was apparently made by the sheriff's board of inquiry or by the sheriff on that board's recommendation, and no subsequent review was available. The procedures set forth by the regulations here were sufficient to meet the informal standards described by *Wagner* as existing in *McCoy* and those before the Director of Central Management Services. Jurisdiction in the Merit Board should not be implied.

■ The record shows compliance by the Department with its required procedures. The letter from Director Rolando to plaintiff stated the reasons for the suspension in these words:

"(1) Fifteen (15) days disciplinary action for conduct unbecoming an Officer, i.e. overreacting to verbal intimidation and by initiating physical contact with a handicapped citizen, in violation of Secretary of State Policy Manual, Chapter 1, Number 2, *Standards of Conduct*, paragraph 5.

(2) Fourteen (14) days disciplinary action for making false oral and written statements to the Director of the Department of Police, in violation of Secretary of State Policy Manual, Chapter 1, Number 2, *Standards of Conduct*, paragraph 8."

On February 3, 1986, five days after Director Rolando's notice

informing plaintiff of the suspension, plaintiff's attorney requested the Director to strike the letter, because plaintiff had not been provided with "pertinent documents upon which the suspension [was] based" as required by the rules. Rolando responded, indicating plaintiff had been thoroughly briefed as to the reasons for his suspension in a meeting he attended on January 23, 1986, and notes from that meeting demonstrated plaintiff was given proper notice of the incidents that led to the suspension. Rolando noted, however, that any rebuttal would be "seriously considered" for the purposes of rescinding or reducing the suspension, if the rebuttal were available by February 13, 1986.

Numerous letters were sent between the parties during the months of February and March 1986: Plaintiff again requested information from Rolando and from Assistant Secretary of State Allen Grossboll, and also requested a hearing. Rolando and the Assistant Secretary's counsel responded, taking the similar stand that plaintiff had been adequately informed of the charges against him and that he was not following the correct grievance procedures as outlined in section 420.310 of the rules. Then, on March 24, 1986, plaintiff filed a document entitled "Appeal of Suspension" with the Merit Commission.

Thus, the record shows plaintiff had been timely notified of the proposed suspension, with the reasons for the suspension stated. This information was supplemented by extensive discussions between the parties. The record does not indicate the existence of any "pertinent documents on which the proposed suspension [was] based" with the possible exception of the false written statements which plaintiff was alleged to have made to the director of the department of police. Even as to those statements, the record gives no indication that specific request for those statements, was made or that they or any other documents would have been denied if they had been requested in reasonably specific terms.

If jurisdiction were not inferred in the Merit Commission because of lack of otherwise adequate review, we are not certain how failure of the Department to follow its procedures could be raised on administrative review from an order of the Merit Commission dismissing plaintiff's attempted appeal to it. Perhaps, as plaintiff intimates, its complaint to the circuit court for administrative review of the action of the Merit Commission should be taken as a complaint in common law *certiorari* from the action of the Director of Personnel in suspending him. (See *Wagner v. Kramer* (1984), 125 Ill. App. 3d 12, 19, 465 N.E.2d 547, 552, *aff'd* (1985), 108 Ill. 2d 413, 484 N.E.2d 1073.)

In any event, we find no failure of the Department to follow its required procedures.

■ Finally, we consider the procedure used by the circuit court in dismissing the complaint for administrative review because of lack of jurisdiction in the Merit Commission from which the review was sought. In doing so, the court properly followed the precedent of this court in *Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220. There, the State Police Merit Board had imposed a 10-day suspension on a trooper. The trooper then filed a complaint for administrative review in the circuit court of Champaign County. The order of that Merit Board was not subject to administrative review, but the circuit court erroneously proceeded without jurisdiction to purport to affirm the Merit Board. The trooper then filed notice of appeal to this court, which dismissed the appeal because the circuit court lacked jurisdiction. We now conclude the proper procedure would have been to vacate the affirmance and remand the cause to the circuit court with directions to dismiss the appeal. Under the ruling made, the void affirmance by the circuit court was left to stand.

In this case, the dismissal of the complaint for administrative review let stand a proper order dismissing plaintiff's appeal to the Merit Commission. However, the theory that lack of jurisdiction for the Merit Commission to proceed precludes the circuit court from passing on the propriety of the action of the Merit Commission presents a problem. Had the Merit Commission proceeded improperly and granted relief to plaintiff, clearly the circuit court should not have then dismissed a complaint for administrative review and let the improper action of the Merit Commission stand.

Cases directly in point on this issue are difficult to find. However, in *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297, a juvenile was declared delinquent in a proceeding where the supreme court ultimately held that the trial court lacked subject matter jurisdiction, and entered a void order, because of failure to comply with the statutory and constitutional mandate as to notice to the juvenile's mother. The case was appealed to the appellate court, which reversed (*In re R.S.* (1983), 117 Ill. App. 3d 698, 453 N.E.2d 139), and the supreme court granted leave to appeal. In determining the trial court lacked jurisdiction, the supreme court did not dismiss the appeal. Rather, it affirmed the appellate court's reversal and remanded to the circuit court for further proceedings.

In the case of *In re Written Charges Against Crotty* (1983), 115 Ill. App. 3d 248, 450 N.E.2d 399, a village fireman filed an untimely complaint in the circuit court of Madison County for administrative

review from the decision of the Board of Fire and Police Commissioners of the Village of East Alton (Board) to discharge him from his position. The circuit court denied the Board's motion to dismiss the complaint as untimely but found in favor of the Board. On appeal, the appellate court held the untimely filing of the complaint deprived the circuit court of subject matter jurisdiction. That court then reversed the order of the circuit court and, acting pursuant to Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)), dismissed the complaint. Had the theory of *Clark* been followed, the appellate court would have dismissed the appeal because the lower tribunal, the circuit court, lacked jurisdiction.

We hold that here: (1) the Merit Commission had sufficient jurisdiction to dismiss plaintiff's appeal to it; (2) upon plaintiff's presentation of a complaint for administrative review, the circuit court had jurisdiction to pass on the propriety of the Merit Commission's order pursuant to the statutory power given the circuit court to review final Merit Commission decisions (Ill. Rev. Stat. 1983, ch. 124, par. 109b); and (3) we have jurisdiction to pass upon the propriety of the decision of the circuit court in regard to its dismissal of the administrative review complaint, because that order was final as to the circuit court proceedings. As this court's decision in *Clark* is inconsistent with the foregoing, we overrule *Clark*.

Pursuant to our power under Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)), we modify the order of the circuit court to one affirming the Merit Commission's order of dismissal and, as modified, we affirm that order.

Affirmed as modified.

McCULLOUGH and KNECHT, JJ., concur.