962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
COMBINED COUNTIES POLICE ASSOC. and Mark Berndt, Plaintiffs-Appellants,
v.
CITY OF EVANSTON, Defendant-Appellee.
 No. 91-2554.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 19, 1992.
Decided April 27, 1992.
 
 Before EASTERBROOK and RIPPLE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs-Appellants, an Evanston, Illinois, police officer and the union representing Evanston police officers, brought suit in the district court seeking a preliminary injunction. Plaintiffs requested that the district court enjoin the Evanston Police Department from disciplining officers who refuse to make unconstitutional stops; they alleged that the City of Evanston had adopted a policy that required Evanston police officers to violate the constitutional rights of its citizens. Plaintiff, Officer Berndt, also sought equitable relief to make him whole for the injuries he suffered as a result of the alleged unconstitutional policy. Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, and for lack of standing. The district court held that the plaintiffs failed to state a cause of action under 42 U.S.C. § 1983, and that they were not entitled to invoke jus tertii standing in order to protect the constitutional rights of others. The district court accordingly granted defendants' motion to dismiss and, consequently, entered judgment for the defendant. Plaintiffs filed a timely notice of appeal. Jurisdiction in this court is pursuant to 28 U.S.C. § 1291.
 
 
 2
 * BACKGROUND
 
 A. Facts
 
 3
 On October 29, 1989, Officer Berndt was on duty as a uniformed Evanston police officer. At about 11:45 p.m., he was taking a coffee break in a parking lot at Maple and Church Avenues in Evanston. While the officer was in the parking lot, a vehicle pulled up near his car and a man emerged from the vehicle. The man approached Officer Berndt and asked, "You looking for me?" Officer Berndt then asked the man who he was and the man replied, "You know who I am." Officer Berndt told the man that he was unaware of his identity and the man said, "I'll just turn my own self in." The man then ran back to his vehicle and drove off. This entire episode lasted no longer than twenty seconds. Officer Berndt claimed that he reasonably believed that he did not have a lawful basis to detain the man at any time.
 
 
 4
 Following the encounter with Officer Berndt, the man in question went to the Evanston police station and surrendered on an outstanding battery warrant. The man complained that Officer Berndt had refused to arrest him. Officer Berndt subsequently was suspended for five days for having failed to arrest the man. This disciplinary action was approved by the Chief of Police and by the City Manager.
 
 
 5
 After the City Manager had approved the discipline, Officer Berndt joined with the Combined Counties Police Association to file this action in the district court.
 
 B. District Court Opinion
 
 6
 The district court held that the plaintiffs failed to assert a cause of action under 42 U.S.C. § 1983 and that they were not entitled to third party standing in order to protect the rights of others. The district court therefore granted the defendants' motion to dismiss.
 
 
 7
 The district court ruled that the plaintiffs failed to state a cause of action under 42 U.S.C. § 1983 for two reasons. First, the court held that no constitutional right was violated by Officer Berndt's suspension. The district court reasoned that, under Illinois law, there is no general property interest in public employment. Furthermore, the court held that Officer Berndt had failed to allege that his suspension amounted to the loss of a protected property interest without due process of law.
 
 
 8
 As an alternate ground justifying dismissal, the district court held that the plaintiffs had failed to allege that the defendant had a policy or engaged in a pattern of unconstitutional conduct by forcing its officers to make unconstitutional stops. The district court pointed out that the complaint did not suggest that any other officers had been reprimanded for failing to make unconstitutional stops. The district court also noted that the plaintiffs had failed to allege that anyone with final decision making authority had established an unconstitutional policy. Because the plaintiffs failed to show that they were deprived of a constitutional right and because they failed to establish that the Evanston Police Department operated pursuant to any unconstitutional policies, the district court held that their complaint failed to state a cause of action under 42 U.S.C. § 1983.
 
 
 9
 The district court also held that the plaintiffs did not have jus tertii standing to bring this cause of action on behalf of the citizens of Evanston. The district court relied upon Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989), which set forth the standard for asserting jus tertii standing. According to the Supreme Court, in order to advance the constitutional rights of another, the litigant must satisfy two tests. Caplin & Drysdale, 491 U.S. at 623-24 n. 3. First the litigant must prove that he has suffered some injury which is adequate to satisfy Article III's case or controversy requirement. Id. Second, the litigant must show that prudential considerations permit him to advance the claim. Id. In determining whether the litigant has shown the necessary prudential considerations, a court looks to three factors: (1) the relationship between the litigant and the person whose rights are being asserted; (2) the ability of the person to advance his own rights; and (3) the impact of the litigation on third party interests. Id.
 
 
 10
 The district court held that jus tertii standing was not appropriate because the plaintiffs failed to satisfy both of the elements listed in Caplin & Drysdale. First, the district court ruled that the plaintiffs failed to allege an injury because they had failed to show any continuity of the defendant's alleged illegal conduct and because, out of all the plaintiffs, only Officer Berndt could point to any actual injury. Hence, the district court held that the plaintiffs failed to meet the first requirement for jus tertii standing.
 
 
 11
 The district court also held that the plaintiffs failed to meet the second requirement for jus tertii standing. The district court stated that all of the factors set forth by the Supreme Court in Caplin & Drysdale weighed against the plaintiffs. First, the relationship between the police and the citizens of Evanston is not a relationship of "special consequence" such as the doctor-patient or attorney-client relationship, both of which permitted standing. Secondly, the citizens of Evanston are able to maintain an action on their own behalf. The citizens did not need the plaintiffs to protect their rights or interests. Finally, the district court could not see how the requested relief could have significant impact on the rights or interests of the citizens of Evanston because, even if the injunction was granted, Evanston's police would still be free to make unconstitutional stops.
 
 II
 ANALYSIS
 
 12
 We find ourselves in agreement with the essential reasoning of the district court's opinion. Accordingly, extended elaboration is not necessary.
 
 
 13
 It is clear that Officer Berndt's suspension cannot be the basis for his bringing a federal civil rights complaint. Under our precedents, his suspension for five days deprived him of no constitutionally cognizable interest. See hershinow v. Bonamarte, 772 F.2d 394, 396 (7th Cir.1985); see also Davis v. City of Chicago, 841 F.2d 186, 188 (7th Cir.1988). Indeed, as the district court noted, he made no such claim in his complaint. Nor has he made any such claim here. Moreover, while he correctly notes that, according to Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), municipal liability "may be imposed for a single decision by municipal policy makers under appropriate circumstances," those circumstances are hardly present here. Rather, we have before us a single, fact-specific administrative determination of city administrators. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability ..., unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.") (plurality opinion); Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986); Malak v. Associated Physicians, Inc., 784 F.2d 277, 283-84 (7th Cir.1986); Hibma v. Odegaard, 769 F.2d 1147, 1167 n. 2 (7th Cir.1985) (Cudahy, J., concurring in part and dissenting in part).
 
 
 14
 On appeal, the appellants' main focus is the district court's ruling that they cannot maintain this action on behalf of the citizens of Evanston. We believe, however, that the district court was on solid ground. While the formulations of the analysis for third party standing may vary slightly from case to case, it is clear that these parties cannot meet most of the basic criteria for the maintenance of such an action. See Powers v. Ohio, 111 S.Ct. 1364, 1370-71 (1991). The police officer-citizen relationship is no doubt an important one in the governance of a democratic society. It is not, however, a relationship that makes the police officer a good, or even adequate, spokesperson for the citizen on the issue of the individual's civil rights against the abuse of the government's power. See Singleton v. Wulff, 428 U.S. 106, 115 (1976) (plurality opinion) (collecting cases). Lastly, there is no reason why we ought to consider the individual citizen dependent upon the police officer for the vindication of such rights. An aggrieved citizen may seek judicial redress whenever any such excess of governmental power occurs. On this point, we cannot accept the appellants' suggestion that O'Shea v. Littleton, 414 U.S. 488 (1974), and City of Los Angeles v. Lyons, 461 U.S. 95, 105-110 (1983), are to the contrary. These cases merely require that any litigant making such an allegation meet the constitutional prerequisite of presenting an actual case or controversy. See Lyons, 461 U.S. at 101, 113.
 
 Conclusion
 
 15
 The district court correctly determined that the appellants presented in their complaint no claim upon which relief can be granted. Accordingly, its judgment is affirmed.
 
 AFFIRMED