David A. JOHNSON, D.O.

v.

Linda HOWARTH.

No. 97–197–A.

Supreme Court of Rhode Island.

Sept. 14, 1997.

## ORDER

The defendant appeals from the entry of summary judgment in favor of the plaintiff in this action on book account. After the defendant was injured in an automobile accident on November 22, 1988, she engaged the services of the plaintiff for medical treatment. Plaintiff treated the defendant through January 1991. In October 1994, the plaintiff filed this action on book account seeking payment for medical services in the amount of $5,915 plus finance charges and attorney's fees.

The plaintiff moved for summary judgment, and in support of that motion presented copies of bills and an affidavit attesting to the services, an agreement between the two parties regarding payment for those services, and a recitation of the attempts to collect on the balance due. The trial justice found for plaintiff and ordered defendant to pay for medical services and attorney's fees. The trial justice did not award finance charges.

On appeal, defendant asserts that the trial justice erred because there was no evidence that the charges were necessary or reasonable and furthermore contends that attorney's fees should not have been awarded when the court found plaintiff was not entitled to finance charges.

After carefully reviewing the memoranda submitted by parties and case law cited therein, we hold that the trial justice did not err in granting plaintiff's motion for summary judgment. The plaintiff amply supported his motion for summary judgment, whereas defendant did not present any contradictory evidence. We have stated in the past that in actions on book account the litigant opposing a motion for summary judgment has the burden of proving the existence of a disputed material issue of fact and cannot rest on mere allegations or denials in the pleadings. *See Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991) (per curiam); *Egan's Laundry & Cleaners, Inc. v. Community Hotel Corp.*, 110 R.I. 719, 723, 297 A.2d 348 (1972). We agree with the trial justice who reasoned that once a plaintiff came forward with a facially valid book account claim the defendant was required to come forward with competing evidence, such as an affidavit of another doctor stating that the treatment rendered by plaintiff was pointless. Accordingly, we deny defendant's appeal with respect to the entry of summary judgment for the principal amount of the indebtedness.

With respect to the issue of attorney's fees, however, we respectfully disagree and hold that the trial justice erred in finding that there was no justiciable issue of fact or law. G.L.1956 § 9–1–45, "Attorney's Fees," provides:

"The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court finds that there was *a complete absence of a justiciable issue of either law or fact raised by the losing party.*" (Emphasis added.)

A review of the memoranda demonstrates the motion justice was confronted with a justiciable issue of law: the question of the plaintiff's entitlement to the payment of finance charges. Although the record discloses that plaintiff waived his claim for finance charges at the hearing on the motion and thus was not awarded finance charges by the trial justice, we nevertheless hold that the inclusion of the demand for finance charges in the complaint raised a justiciable issue thereby not entitling the plaintiff to the award of attorney's fees.

For the foregoing reasons, the defendant's appeal from entry of summary judgment is denied and dismissed and the appeal from the award of attorney's fees is sustained. The papers are remanded to the Superior Court for entry of judgment for the amount of the indebtedness together with statutory interest and costs other than attorney's fees.