DECISION
The defendants — George S. Farrell, Paul A. Rossiter, David Peters, and Local 799 of the International Association of Firefighters ("union defendants"), as well as defendant Joseph Rodio — move for attorney's fees, pursuant to G.L. 1956 § 9-33-2(d).
 Facts/Travel
Stephen Day ("plaintiff") is a superintendent of the Providence Fire Department, a former President of Local 799 of the International Association of Firefighters, and a former member of the Providence Retirement Board. During all relevant times, the plaintiff was a public employee. Defendant Local 799 of the International Association of Firefighters ("Local 799") is a union organized and operating pursuant to the laws of the State of Rhode Island. Defendants George S. Farrell, Paul A.
Rossiter and David J. Peters are members and/or officers of Local 799. During all relevant times, defendant Joseph Rodio ("Rodio") was acting in his capacity as attorney for Local 799.
On or about February 25, 1997, defendants Farrell, Rossiter and Peters filed a complaint against the plaintiff with the R. I. Ethics Commission ("ethics complaint"). On December 22, 1997, the Ethics Commission, after hearing and deliberation, found probable cause on forty-three allegations. See R. I. Ethics Commission Order 97-9. The matter subsequently was dismissed on technical grounds.
On June 3, 1997, plaintiff commenced the instant action with a multi-count complaint, which includes two counts, Counts IV and V, specifically related to the ethics complaint.[1] The union defendants asserted an affirmative defense and a counterclaim for attorney's fees and punitive damages pursuant to G. L. 1956 § 9-33-1 et. seq., the "Limits on Strategic Litigation Against Public Participation" (the anti-SLAPP statute) Act. Rodio also asserted protection under the anti-SLAPP statute as an affirmative defense. Subsequently, the union defendants moved for partial summary judgment on, and Rodio concurrently moved to dismiss, the counts related to the ethics complaint.[2]
After hearing upon said motion, this Court entered summary judgment in favor of the union defendants and Rodio on these counts.[3]
The union defendants and Rodio now move for attorney's fees and costs pursuant to the relevant provision of the anti-SLAPP statute, section 2(d) of title 9, chapter 33 of the Rhode Island General Laws.[4] Plaintiff objects on two grounds: first, by challenging the constitutionality of the statute; and second, by contending that union defendant's motion for fees fails to distinguish fees and costs for the entirety of this matter from the fees and costs incurred solely in relation to defense of the ethics complaint. The plaintiff contends that discovery as to the allocation of attorney's fees, although allowed by the Court, has not been commenced because of the pending determination of their constitutionality.
Upon this Court's request and urging, the Attorney General of the State of Rhode Island moved to intervene pursuant to G. L. 1956 § 9-30-11
and Rule 24(d) of the Superior Court Rules of Civil Procedure. Having intervened, the Attorney General argues that the anti-SLAPP statute is constitutional.
 Constitutional Challenge
The plaintiff frames the constitutional challenge as whether an automatic award of attorney's fees to a prevailing defendant is constitutional. He contends that the anti-SLAPP statute violates his constitutional guarantees of access to state courts and due process. Specifically, the plaintiff argues that the statute violates his right to petition as embodied in the First Amendment of the United States Constitution as well as article 1, sections 5 and 21 of the Constitution of the State of Rhode Island. Alternatively, the plaintiff contends that the automatic granting of fees is based on an irrebuttable presumption in violation of the Due Process clauses of the Fourteenth Amendment to the United States Constitution as well as article 1, section 2 of the Rhode Island Constitution.
At the outset, the Court acknowledges that a party attempting to invalidate a legislative act has a heavy burden. "It is well-settled that [the] court will presume a legislative enactment of the General Assembly to be constitutional and valid and will so construe the enactment whenever such a construction is reasonably possible. * * * The burden of overcoming the presumptive constitutionality of a statute rests on the challenging party and must be proven beyond a reasonable doubt." State v. Fonseca, 670 A.2d 1237, 1240 (R.I. 1996) (citations omitted). Significant to the plaintiff's present burden is the Rhode Island Supreme Court's rejection of seven separate challenges to the anti-SLAPP statute on state and federal constitutional grounds, including the two alleged by plaintiff, denial of access to state courts and due process. Hometown Property, Inc. v. Fleming, 680 A.2d 56, 60 (R.I. 1996).[5] In Hometown Property, the Court, holding the statute constitutional, also noted the General Assembly's intent "to secure the vital role of open discourse on matters of public importance" and construed the statute in the manner most consistent with that intention. Id. at 60-62. The plaintiff distinguishes Hometown Property by arguing that the attorney's fees provision of the statute was not reviewed by the Supreme Court. However, the constitutional affirmance of the statute validates the important policy underpinning of same: specifically, the statute's "unambiguous intent to protect the `full participation by persons and organizations and robust discussion of issues of public concern' from the `disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" Id. at 63 (citing General Laws 1956 § 9-33-1). Further, the Supreme Court's analysis included earlier reference to the statute's further purpose "that such litigation is disfavored and should be resolved quickly with minimum cost to citizens who participated in matters of public concern." Id. at 61 (citing General Laws 1956 §9-33-1). In adopting the anti-SLAPP statute, the Legislature "has acted to protect the right to petition for redress of grievances by recognizing that adverse consequences can befall those who choose to exercise that right." Cove Road Development v. Western Cranston Industrial Park Associates, 674 A.2d 1234, 1237 (R.I. 1996) (citing General Laws 1956 § 9-33-1).
First, plaintiff contends that the automatic award of fees to a defendant "profoundly limits a petitioner's right to petition the courts for redress." He essentially argues that a fee award for a non-frivolous complaint is an unconstitutional restriction upon his right to petition this Court. In support of this contention, plaintiff's only authority is a reference to the concerns of Congress in its determination that defendants who prevail in 42 U.S.C. § 1983 actions must meet a strict standard — one stricter than prevailing plaintiffs — in order to be awarded attorney's fees under 42 U.S.C. § 1988.[6] However, an award of attorney's fees to a prevailing party has widely been found to encourage and broaden access to the courts.[7] Further, "although the right of access to the courts is an aspect of the right to petition the government, * * *, such right does not entail absolute authorization to assert any possible type of claim." Boucher v. McGovern, 639 A.2d 1369, 1379 (R.I. 1994) (citation omitted). The Legislature may place reasonable limits or burdens on a party's right to have his or her claim adjudicated by a court but may not completely deny court access. See Kennedy v. Cumberland Engineering Co., Inc., 471 A.2d 195, 198 (R.I. 1984).
It is well-recognized that "attorney's fees may not be awarded absent contractual or statutory authorization." Farrell v. Garden City Builders, Inc., 477 A.2d 81, 82 (R.I. 1984) (citing Bibeault v. Hanover Insurance Co., 417 A.2d 313, 319 (R.I. 1980)). A statutory award of attorney's fees is an exercise of the Legislature's sound discretion. See Bibeault, 417 A.2d at 319.[8] Section 2(d), the provision for attorney's fees in the anti-SLAPP statute, represents such an exercise. Contrary to plaintiff's assertion that an award of attorney's fees is "automatic," the statute requires a party to prevail.[9] The subject attorney's fees provision provides, in relevant part:
 "If the court grants the motion asserting the immunity established by this section, or if the party claiming lawful exercise of his or her right of petition or of free speech under the United States or Rhode Island constitutions in connection with a matter of public concern is, in fact, the eventual prevailing party at trial, the court shall award the prevailing party costs and reasonable attorney's fees, including those incurred for the motion and any related discovery matters."
General Laws 1956 § 9-33-2(d) (emphasis added). "For purposes of awarding attorneys' fees, a litigant is a prevailing party if he or she `succeed[s] on any significant issue in litigation which achieves some of the benefit the [party] sought in bringing suit.'" International Association of Machinists and Aerospace Workers, Local Lodge No. 1142 v. Affleck, 504 A.2d 468, 471 (R.I. 1986) (quoting Hensley v. Eckerhart,461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983)).
To prevail under this statutory provision, however, a party must withstand the court's scrutiny that the petition or free speech is not objectively and subjectively baseless. General Laws 1956 § 9-33-2(a). Having been heard on this determination, the plaintiff was unable to oppose successfully union defendants' and Rodio's subject motions.[10]
The plaintiff's statutory burden of payment of the prevailing parties' fees has not unconstitutionally restricted his right to petition the court. "When construing statutes, [the court] ascertains and effectuates the intent of the Legislature." Skaling v. Aetna Insurance Co.,742 A.2d 282, 290 (R.I. 1999). "If the language of a statute is clear on its face, then its plain meaning must generally be given effect." Id. Further, statutes that establish rights not cognizable at common law must be strictly construed. Bandoni v. State, 715 A.2d 580, 584 (R.I. 1998). This Court, finding the language of this section is clear and unambiguous, gives the words their plain meaning and rejects plaintiff's contention that an award of attorney's fees is automatic. Further, in this Court's opinion, the provision fosters the Legislature's express objective of disfavoring SLAPP suits: such litigation "should be resolved quickly with minimum cost to citizens who have participated in matters of public concern." General Laws 1956 § 9-33-1(b).[11]
Alternatively, plaintiff contends that an automatic award of attorney's fees establishes an irrebuttable presumption that any claim disposed of through the Court's application of the anti-SLAPP statute is frivolous. The plaintiff apparently equates the language of the statute regarding the prevailing party determination to a determination of frivolity. Regarding frivolous claims, however, the statute provides an award provision distinct from the attorney's fees provision:
 "The court shall award compensatory damages and may award punitive damages upon a showing by a prevailing party that the responding party's claims, counterclaims, or cross-claims were frivolous or were brought with an intent to harass the party or otherwise inhibit the party's exercise of its right to petition or free speech under the United States or Rhode Island constitution."
General Laws 1956 § 9-33-2(d) (emphasis added). Pursuant to said statute and generally, a determination of frivolity exposes a non-prevailing party to punitive damages.[12] Accordingly, plaintiff's contention that the statute establishes an irrebuttable presumption of frivolity lacks merit.
For the foregoing reasons, this Court finds that the plaintiff has not met his burden in challenging the constitutionality of the attorney's fees provision of the anti-SLAPP statute. By the subject motions, the union defendants and Rodio seek attorney's fees and costs. Based on this Court's granting partial summary judgment regarding the ethics complaint in favor of the union defendants and Rodio, they are, pursuant to the plain and clear language of the statute, entitled to costs and reasonable attorney's fees. Accordingly, union defendants' and Rodio's respective motions for fees and costs are granted, and plaintiff's motion to stay union defendants' said motion is denied.
Defendants' counsel shall submit an appropriate order for entry, which inter alia shall provide for expedited discovery with respect to the amount of fees and costs to be awarded herein.
[1] Count IV of the Amended Complaint provides, in relevant part, "On or about February 25, 1997, the defendants, George S. Farrell, Paul A. Rossiter, Jr., and David J. Peters acting in their individual and official capacities, filed a complaint before the Rhode Island Ethics Commission." Amended Complaint, ¶ 49. "The complaint filed by the individual defendants stated in the preceding paragraph was drafted and substantially produced by Joseph Rodio." Amended Complaint, ¶ 50. "Joseph Rodio acted in concert with, by and through the defendants Farrell, Rossiter, and Peters to publish the allegations contained in the complaint to the Rhode Island Ethics Commission." Amended Complaint, ¶ 51. Count IV further alleges that the ethics complaint contained knowingly false statements as to plaintiff and that such statements were both defamatory and libelous. Count V alleges, in relevant part, "The above referenced statements and actions of the defendants, as set forth in Count IV, were a publication of false and fictitious facts." Amended Complaint, ¶ 66.
[2] Because this Court looked at matters beyond the pleadings regarding Rodio's motion, it is treated as a Rule 56 motion for summary judgment. See Cipolla v. Rhode Island College, Board of Governors for Higher Education, 742 A.2d 277 (R.I. 1999) ("[A] motion to dismiss that relies on facts outside the pleadings must be treated as a Rule 56 motion for summary judgment.").
[3] The Court also entered summary judgment on two counts unrelated to the ethics complaint.
[4] The attorney's fees provision provides:
 "If the court grants the motion asserting the immunity established by this section, or if the party claiming lawful exercise of his or her right of petition or of free speech under the United States or Rhode Island constitutions in connection with a matter of public concern is, in fact, the eventual prevailing party at trial, the court shall award the prevailing party costs and reasonable attorney's fees, including those incurred for the motion and any related discovery matters. The court shall award compensatory damages and may award punitive damages upon a showing by the prevailing party that the responding party's claims, counterclaims, or cross-claims were frivolous or were brought with an intent to harass the party or otherwise inhibit the party's exercise of its right to petition or free speech under the United States or Rhode Island constitution. Nothing in this section shall affect or preclude the right of the party claiming lawful exercise of his or her right of petition or of free speech under the United States or Rhode Island constitutions to any remedy otherwise authorized by law."
G. L. 1956 § 9-33-2(d).
[5] The Court also rejected separate challenges on the following grounds: equal protection, right to trial by jury, retroactive application, separation of powers and bill of attainder. Id.
[6] Plaintiff, quoting Vanderplas v. City of Muskego, 797 F.2d 425 (7th Cir. 1986), argues, "[A]lthough Congress has allowed for prevailing defendants to recover fees incurred in meritless suits, `courts must recognize both the substantial risks inhering in most litigation and the danger of post hoc rationalization in agreeing to award attorney's fees to defendants.'" Id. at 429 (quoting Hershinow v. Bonamarte, 772 F.2d 394, 395 (7th Cir. 1985). In Hershinow, the United States Court of Appeals, 7th Circuit, noted, "[U]nlike the usually followed practice of awarding appropriate fees to prevailing plaintiffs, courts may grant attorney's fees to prevailing defendants only in very circumscribed situations. The concern motivating Congress and the courts is the chilling effect large awards would have on plaintiffs, especially with respect to laws like the civil rights laws that depend for their vindication on private plaintiffs' filing suit. Although Congress allowed fees to be awarded against plaintiffs in order to `protect defendants from burdensome litigation having no legal or factual basis,' courts must recognize both the substantial risks inhering in most litigation and the danger of post hoc rationalization in agreeing to award attorney's fees to defendants." Hershinow, 772 F.2d at 395 (quoting Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 420, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).
[7] For example, the "Equal Access to Justice for Small Businesses and Individuals" Act contains a fee-shifting provision. The statute's purpose provides:
 "The legislature further finds that by contesting an unjust agency action and prevailing, the individual or small business often performs an important service to the public. . . .Therefore, in order to encourage individuals and small businesses to contest unjust actions by state and/or municipal agencies, the legislature hereby declares that the financial burden borne by these individuals and small businesses should be, in all fairness, subject to state and/or municipal reimbursement of reasonable litigation expenses when the individual or small business prevails in contesting an agency action, which was without substantial justification."
G. L. 1956 § 42-92-1(b). At the Federal level, "[i]n adopting some 131 attorney fee shifting statutes, including the civil rights statute applicable here, 42 U.S.C. § 2000e-5(k) (1982) (awarding `reasonable' fees to prevailing parties in the `discretion' of the court), Congress intended to provide an economic incentive for the legal profession to try meritorious cases defining and enforcing statutory policies and constitutional rights in a variety of fields of legal practice." Coulter v. State of Tennessee, 805 F.2d 146, 148 (6th Cir. 1986) (cert. denied482 U.S. 914, 96 L.Ed.2d 674, 107 S.Ct. 3186 (1987)) (citing 9 Att'y Fee Awards Reporter 2-3 (1986)).
[8] The Legislature has awarded attorneys' fees to successful parties in certain cases. Bibeault, 417 A.2d at 320, n. 6 (citing G.L. 1956 (1979 Reenactment) § 28-35-32).
[9] A similar statutory provision, G. L. 1956 § 9-1-45, providing reasonable attorney's fees to a prevailing party, was upheld in Johnson v. Howarth, 700 A.2d 612 (R.I. 1997). The attorney's fees provision provides, "The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." General Laws 1956 § 9-1-45.
[10] The immunity established by the anti-SLAPP statute is properly asserted by a summary judgment motion. Hometown Property, 680 A.2d at 63. "Summary judgment is a final judgment on the merits of a controversy. . . ." Mitchell v. Burrillville Racing Association,673 A.2d 446, 448 (R.I. 1996).
[11] "In effectuating the Legislature's intent, [the court] review[s] and consider[s] the statutory meaning most consistent with the statute's policies or obvious purposes. Moreover, the court will look to the statutory chapter in its entirety." Bailey v. American Stores, Inc./Star Market, 610 A.2d 117, 119 (R.I. 1992) (citation omitted).
[12] It is well established that unwarranted and frivolous litigation warrants sanctions under Rule 11 of the Superior Court Rules of Civil Procedure. Goldberg v. Whitehead, 713 A.2d 204, 207 (R.I. 1998).